UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRELL REED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-cv-00887 RHH |
| | ) |
| ANNE L. PRECYTHE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of plaintiff Terrell Reed's self-represented complaint. For the reasons discussed below, the Court will order plaintiff to file a signed, amended complaint on a Court-provided form. Plaintiff will also be directed to either file an "Application to Proceed in District Court without Prepaying Fees or Costs" or pay the $402 filing fee.

**Background**

On July 10, 2023, fourteen inmates incarcerated at the Missouri Eastern Correctional Center ("MECC"), including plaintiff, filed a "class action" lawsuit. [ECF No. 1]. The 42 U.S.C. § 1983 complaint names six defendants affiliated with MECC. Defendants are accused of allowing the plaintiff-inmates to be restrained with plastic zip-ties for an excessive amount of time while the Correctional Emergency Response Team (CERT) searched their housing unit. Only one of the plaintiff-inmates, David Wilson, signed the complaint, filed a motion to proceed in forma pauperis, and submitted a copy of his inmate account statement.

Because the Court does not allow multiple prisoners to join together in a single lawsuit under Federal Rule of Civil Procedure 20, the complaint was severed and new cases opened for

each individual plaintiff. *See* ECF No. 2. The instant case is one of the newly created cases brought by a severed plaintiff.

**Discussion**

The complaint in this matter is defective for multiple reasons. First, and foremost, the complaint is not signed by plaintiff Terrell Reed. Rule 11(a) of the Federal Rules of Civil Procedure requires an unrepresented party to personally sign all of his pleadings, motions, and other papers, and requires courts to "strike an unsigned paper unless the omission is promptly corrected after being called to the … party's attention." Similarly, the Local Rules of this Court also require that all filings be signed by a self-represented party. E.D. Mo. L.R. 2.01(A)(1).

Second, the complaint alleges violations of the rights of a group of inmates as a whole. While federal law authorizes plaintiff to plead his own case personally, he lacks standing to bring claims on behalf of others. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (stating that, in general, to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties."). Moreover, a non-attorney, self-represented litigant may not represent someone else in federal court. *See* 28 U.S.C. § 1654; *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (stating that "because pro se means to appear for oneself, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him."); *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (stating that a person who is not licensed to practice law may not represent another individual in federal court).

Because plaintiff is self-represented, the Court will give him the opportunity to file a signed, amended complaint to set forth his own claims for relief. Plaintiff should type or neatly print his complaint on the Court's prisoner civil rights form, which will be provided to him. *See*

E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable."). In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

It is important that plaintiff establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."). It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can know what he or she is accused of doing. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim") (internal quotations and citation omitted). The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a

formulaic recitation of the elements of a cause of action." *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Finally, plaintiff has neither paid the $402 filing fee, nor sought leave to proceed without the prepayment of fees or costs. If plaintiff files an "Application to Proceed without Prepaying Fees or Costs," it must be accompanied by a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the complaint. Also, if plaintiff files such Application, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to pay the filing fee or file an application to proceed without prepayment, within thirty (30) days, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's "Prisoner Civil Rights Complaint" form.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's "Application to Proceed in District Court without Prepaying Fees or Costs" form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint on the Court's form within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff must either pay the $402 filing fee or file an application to proceed without prepayment within **thirty (30) days** of the date of this Order.

**IT IS FINALLY ORDERED** that if plaintiff files an application to proceed without prepayment, he must also file a certified copy of his inmate account statement for the six-month period preceding the filing of the complaint.

**If plaintiff fails to timely comply with this order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 20th day of July, 2023.

RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE